JOHN CONVEY

v.

JOHN S. SHELDON.

1. INTEREST—RATE PER CENT.—Appellant agreed with appellee, in consideration that the time for procuring a certain loan (arising from a sale of lands) should be extended until a settlement could be made with a prior mortgagee, to pay appellee interest upon the money remaining due upon the land after a certain date; but no rate of interest was agreed upon. *Held*, that appellee was entitled to recover at the rate of six per cent. only.

2. PRACTICE—REMITTITUR—COSTS.—Appellee having remitted from the judgment all above six per cent., the judgment will be affirmed for that amount, but as there was error in the record before the remittitur was entered, the costs of the Appellate Court must be taxed against the appellee.

APPEAL from the County Court of Iroquois county; the Hon. MANLIFF B. WRIGHT, Judge, presiding.

Messrs. KAY and EUANS, for appellant; objecting that an instruction was given to the jury not based on the evidence,

and the jury were neither required in such instruction to "believe nor find from the evidence," cited Ewing v. Runkle, 20 Ill. 448.

Mr. T. B. HARRIS, for appellee; that erroneons instructions will not reverse if substantial justice has been done, cited Clark v. Pageter, 45 Ill. 185; Pahlman v. King, 49 Ill. 266.

PILLSBURY, J. Divested of all extraneous matters in the record, the material facts briefly stated are, that in February 1876, Convey bought a tract of land of Sheldon for which he was to pay $5,000, $2,600 down in another tract of land, $275 within two weeks and $225 by May 1st, and the remainder, $1,900 was to be paid by a loan upon the land, which Sheldon was to negotiate for Convey free of expense to Convey. The loan was to be made by July 1st, and was to be used by Sheldon in paying off a prior mortgage on the land.

The purchase price was duly paid except the $1,900.

A short time after the sale, Convey expressed an unwillingness to pay the last installment of $1,900 by mortgaging the land on July 1st, because Montgomery's claim to the land could not be extinguished by that time, and before he made the loan he wanted Sheldon to perfect the title by compromise or otherwise, removing any claim that Montgomery had to it.

Thereupon it was agreed that the time for procuring the loan and paying the $1,900 to Sheldon should be extended until a settlement could be had with Montgomery and Convey should pay Sheldon interest on the money remaining due upon the land after July 1st.

The loan was perfected and the $1,900 paid to Sheldon on January 9th, 1878.

Convey refusing to pay the interest, this suit was brought by Sheldon, and he recovered in the court below the sum of $232.25.

The record does not show that Convey agreed to pay Sheldon any given rate of interest for the extension of the time. The law therefore declares that it shall be six per cent., and it is Sheldon's misfortune if he had to pay a greater rate upon the prior mortgage.

Sheldon is entitled to recover six per cent. interest on the $1,900, from July 1st, 1876, to the time it was paid, amounting to $73.85, and the appellee having remitted from the judgment all above that sum, the judgment will be affirmed for that amount; but as there was error in the record before the remittitur was entered, the costs of this court must be taxed to the appellee.

Judgment affirmed.